Sidney **KRYSTAL** and Phyllis Krystal,
Plaintiffs,

v.

**BRITISH OVERSEAS AIRWAYS CORPORATION, a corporation, and British Airways, a corporation, Defendants.**

No. CV 75–237–FW.

United States District Court,
C. D. California.

Sept. 18, 1975.

Bodle, Fogel, Julber, Reinhardt & Rothschild by Richard D. Burstein, Los Angeles, Cal., for plaintiffs.

Condon & Forsyth, New York City, Adams, Duque & Hazeltine, Los Angeles, Cal., by Thomas F. Call, and Rex Heeseman, Los Angeles, Cal., for defendants.

MEMORANDUM OF DECISION GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING IT IN PART, AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND RULING ON ISSUE

WHELAN, District Judge.

In this action brought under the Warsaw Convention, the parties have made cross-motions for summary judgment. Defendant seeks a partial summary judgment precluding recovery of either Plaintiff for alleged psychosomatic injuries, and setting $75,000 as the maximum amount recoverable for alleged physical injuries. Plaintiffs' motion contests certain of Defendant's affirmative defenses, which are directed at the same issues of maximum liability and recovery for mental anguish, and requests as well a determination of Defendant's liability for the alleged injuries.

This case arose out of the hijacking of a BOAC jetliner en route from Bombay to London on March 3, 1974. The Plaintiffs, passengers on that airplane, which was diverted from its regular course to a landing in Amsterdam, have alleged negligence by the Defendant airline in permitting the hijackers to seize control as the basis of their claims for damages. Both Plaintiffs demand recovery for the mental distress they allegedly suffered; this distress, they claim, in-

cluded fright, anxiety, stress, loss of sleep, and fear. In addition, Plaintiff Phyllis Krystal contends that she suffered physical injury.

The issue of recovery for mental distress, alone or in conjunction with physical injuries, is dependent for its resolution on the interpretation given to the applicable section of the Warsaw Convention, and subsequent agreements. The Warsaw Convention, also known by its official title as The Convention for the Unification of Certain Rules Relating to International Transportation by Air, 29 Stat. 3000 *et seq.*, governs the disposition of cases arising from accidents occurring in international air transportation.

■ There is no dispute that the hijacking occurred in the course of international transportation, as defined in Art. 1(2) of the Warsaw Convention. Furthermore, there is no contention that the hijacking was not an accident within the meaning of Art. 17. See *Husserl v. Swiss Air Transport Co., Ltd.*, 351 F. Supp. 702, 707 (S.D.N.Y.1972), *aff'd per curiam*, 485 F.2d 1240 (2d Cir. 1973) (hereafter *"Husserl I"*). The Warsaw Convention, except for any modification made by the Montreal Agreement, governs the outcome of the case. Art. 24(2).

The operative section of the Convention provides recovery for damages "sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger." Art. 17. Defendant contends that this language refers only to physical injuries; Plaintiffs argue that no such limitation is implied. Developments subsequent to the 1929 Warsaw Convention have also dealt with this issue. The Montreal Agreement of 1966 was a direct response to the Notice of Denunciation of the Warsaw Convention filed by the United States in protest of the low maximum liability of recovery. Although the Agreement does not have the effect of a treaty, it "impose[s] upon international aviation involving the United States a quasi-legal and largely experimental system of liability that is essentially contractual in nature." L. Kreindler, 1 Aviation Accident Law, § 12A.01 (1971).

■ This Court is of the opinion that the effect of the Montreal Agreement is to permit recovery for mental distress. Under the Agreement, the signatory airlines agreed, *inter alia*, that they would print on their tickets a notification to the passenger of the possible applicability of the Warsaw Convention. The Civil Aeronautics Board Order which set out the terms of the Agreement repeated the phrasing of Art. 17 in noting the basis for recovery. 31 Fed.Reg. 7302 (1966). But the actual Notice to which the airlines agreed changed the relevant wording to "death . . . or personal injury . . . ."

It appears that such notice is determinative of the issue. The fact that "wounding . . . or bodily injury" is replaced by "personal injury" in a document intended to notify passengers of the extent of airline liability, suggests an intention to clarify the type of injury which is compensable. Defendant's argument that the alteration was prompted by the need to provide a generalized warning within a limited space is not persuasive. The difference in printing length of the two phrases is minimal.

This Court is, of course, aware that other courts have reached contrary conclusions.

This Court is of the opinion that such interpretations of Art. 17 are untenable. It cannot be said, with finality, that the drafters of the Warsaw Convention intended to preclude recovery for mental distress. In *Husserl II*, a District Judge determined that such injury should be compensable, and took as his starting point the proposition that the drafters were ignorant of this area of recovery, not that they intended to preclude recovery. On this basis, the court concluded that "[t]o effect the treaty's avowed purpose, the types of injuries enumerated should be construed expansively to encompass as many types of in-

jury as are colorably within the ambit of the enumerated types. Mental and psychosomatic injuries are colorably within that ambit and are, therefore, comprehended by Article 17." *Husserl v. Swiss Air Transport Co., Ltd.*, 388 F. Supp. 1238, 1250 (S.D.N.Y.1975).

In short, this Court considers that the wording of the Warsaw Convention is subject to more than one interpretation on its face. When taken in conjunction with the modification appearing in the notice to passengers dictated by the Montreal Agreement, the comprehension of Article 17 must be read to include mental injuries.

By this determination, the Court makes no decision regarding the validity of Plaintiffs' claims. The issues of injury and causation are still disputed, and must await trial for a determination. The Court, therefore, must deny Plaintiffs' request for a finding of liability against the carrier at this time. See *Husserl II, supra,* 388 F.Supp. at 1242 n. 4; *MacDonald v. Air Canada, Inc.,* 439 F.2d 1402, 1404–05 (1st Cir. 1971).

Likewise, the Court believes that a genuine issue still exists as to whether Defendant's actions amount to willful misconduct such as to preclude application of the maximum liability of $75,000 set by the Montreal Agreement. Warsaw Convention, Art. 25(1). That determination must also await trial on the merits.

The foregoing constitutes the summary of undisputed material facts and the conclusions of law of the Court.

This Court therefore rules as a matter of law mental injuries are compensable under the Warsaw Convention; said issue is determined for this action.

The Court makes no ruling on the other issues raised by the motion.